UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL TODD                                                                                         PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:07-CV-189-S

CAPITAL ONE FINANCIAL CORP., et al                                               DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court upon motion of the defendant Greene & Cooper, LLP ("Greene & Cooper"), to dismiss the claims filed against it by the *pro se* plaintiff, Michael Todd ("Todd"), pursuant to Fed. R. Civ. P. 12(b)(6).[1]  Greene & Cooper argues that the Todd's complaint fails to state a claim upon which relief can be granted.

### BACKGROUND

In his complaint, Todd alleges that he had an account with Capital One Financial Corp. ("Capital One") and on February 5, 2007, he entered into a settlement agreement with Capital One whereby it was to zero out any balance owed to it by Todd.  On February 20, 2007, Todd alleges he received a letter from the law firm of Greene & Cooper stating that Todd owed Capital One $503.07.  In his complaint, Todd states that the letter stated "Opportunity to Resolve: This is your opportunity to resolve this debt before the decision to file suit is made."  Todd further states that the letter from Greene & Cooper listed the business name at the top of the letterhead as "Greene & Cooper Attorneys LLP" and that there is no limited liability partnership by that name.  Todd brings claims

---

[1] Greene & Cooper has also filed a motion requesting oral argument on this matter.  Because the court does not find that oral argument is necessary to resolving the issues before the court , that motion will be denied.

for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*, and the Kentucky Consumer Protection Act (KCPA), KRS 367.110 *et seq*.

**DISCUSSION**

When faced with a motion to dismiss under Fed.R.Civ.P. 12(b)(6) the court must take the allegations of the complaint as true and grant dismissal only when the plaintiff's complaint fails to contain facts sufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *Weisbarth v. Geauga Park Dist.*, No. 06-4189, 2007 WL 2403659, *3 (6th Cir. Aug. 24, 2007). Here, Greene & Cooper argues that Todd fails to state any plausible claims under the FDCPA or the KCPA. The court agrees and addresses Todd's claims below.

**I. FDCPA Claims**

Todd alleges that Greene & Cooper violated the FDCPA in four ways: (1) falsely representing in the February 20, 2007 letter that he owed Capital One $503.07; (2) using a name in its letter other than the true name of the company; (3) threatening to take legal action against him that could not be taken; and (4) threatening to take legal action against him that was not intended to be taken.

Although Todd's complaint does not set forth the specific provisions of the FDCPA which Greene & Cooper allegedly violated, the court finds that his claims are premised on the following provisions of the FDCPA:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

>                          . . .
>
>    (2)  The false representation of -
>
>        (A) the character, amount, or legal status of any debt;
>                          . . .
>
>    (5)  The threat to take any action that cannot legally be taken or that is not intended to be taken.
>                          . . .
>
>    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>                          . . .
>
>    (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

15 U.S.C. § 1692e.

In determining whether a debt collector's debt collection activity violates the FDCPA, the court must determine whether the "least sophisticated consumer" would be deceived, misled, or harassed by the activity. *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 (11th Cir. 1985)); *see also Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) (stating "[t]he most widely accepted test for determining whether a collection letter violates § 1692e is an objective standard based on the 'least sophisticated consumer'"). The purpose for using this standard is to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon*, 988 F.2d at 1318.

The court must dismiss Todd's claim that Greene & Cooper violated the FDCPA by falsely representing in its February 20, 2007 letter that Todd owed Capital One $503.07. The letter sent to Todd by Greene & Cooper was the initial and only communication from Greene & Cooper. Todd

does not dispute that the letter was a validation letter in accordance with § 1692g and that the letter contained the notices required by that section.  Rather, Todd makes the claim that since he had no outstanding balance with Capital One, Greene & Cooper's letter stating that he owed Capital One was itself a false or misleading representation in violation of § 1692e.  Specifically, Todd's claim could be characterized as one for violation of §§ 1692e(2) or (10), which are two of sixteen subsections that provide a non-exhaustive list of what constitutes, false, deceptive, or misleading debt collection practices in violation of § 1692e.

In accordance with the FDCPA, debt collectors are required to provide a consumer with written notice of their debt within five days after initially communicating with a consumer.  15 U.S.C. § 1692g.  This "validation letter" is to apprise consumers of their debt and their rights with respect to that debt, specifically their ability to dispute any portion of the debt.  *Id.*  The purpose of § 1692g is to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  S. Rep. No. 95-382, at 4 (1977). Thus, upon the consumer's receipt of notice of a debt he believes he does not owe, he has the opportunity to dispute the debt before further collection attempts are taken.

Todd seeks to assert a claim based on the validation letter's false representation that he owed a debt to Capital One.  If a consumer were allowed to successfully assert a claim for a violation of the FDCPA simply by receiving a validation letter stating that he owed a debt which he did not owe, the purpose of disputing the debt under § 1692g would be eviscerated.  Because the February 20, 2007 letter was in accordance with § 1692g, the court will grant the motion to dismiss Todd's claim that Greene & Cooper violated the FDCPA by falsely representing that he owed Capital One $503.07.  To the extent that Todd asserts specific language in the letter threatens a lawsuit in

violation of § 1692e and overshadows or contradicts the validation notice, that claim is addressed below.

Todd's claim that Greene & Cooper violated the FDCPA by using a name other than its true name must also be dismissed. Todd alleges that despite their true business name as being "Greene & Cooper, LLP," Greene & Cooper, in its letter, listed its business name at the top of the letterhead as "Greene & Cooper Attorneys LLP." Todd claims that this is a violation of the FDCPA. While §1692e(14) does state that the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization is a violation of § 1692e, it is necessary to note that § 1692e(14) is also one of the sixteen subsections illustrating specific false, deceptive, or misleading debt collection practices. It is those false, deceptive, or misleading practices that § 1692e is designed to prohibit.

Because Greene & Cooper is a law firm, the use of the word "attorneys" in its letterhead does nothing more than indicate such. Taking Todd's allegations are true, and assuming Greene & Cooper's registered name is not "Greene & Cooper Attorneys LLP" the use of the word "attorneys" is not false, deceptive, or misleading. *See Starosta v. MBNA America Bank, N.A.*, No. 06-16281, 2007 WL 2007944 (11th Cir. July 12, 2007) (holding that a plaintiff's claim that the inclusion of the letters "P.A." in connection with the name of the defendant debt collector's law office in a letter sent to the plaintiff did not state a claim for relief under § 1692e(14) when the inclusion of the letters was not misleading, confusing, or deceptive).

Even the least sophisticated consumer could not be misled or deceived by the inclusion of the word "attorneys" in Greene & Cooper's letterhead when the letter was indeed from a law firm.

Accordingly, the court will grant the motion to dismiss Todd's claim that Greene & Cooper violated the FDCPA by using a name other than its true name.

The court must also dismiss Todd's claims that Greene & Cooper violated the FDCPA by threatening to take legal action against him that could not be taken and threatening to take legal action that was not intended to be taken must also be dismissed. Before finding that a debt collector has "threatened" to take legal action, courts have consistently required some language that would lead a consumer to believe the legal right *would be exercised*. *See Barany-Snyder v. Weiner*, No. 1:06-cv-2111, 2007 WL 210411 (N.D. Ohio Jan. 24, 2007) (emphasis added).

Todd's complaint sets forth the language in the letter on which he bases his claims. The language states, "Opportunity to Resolve: This is your opportunity to resolve this debt before the decision to file suit is made." Todd contends that this language implies that if the consumer does not resolve the alleged debt, a suit will be filed in the future. Therefore, he contends that the language threatens a lawsuit. Taken in connection with his allegation that he does not owe any amount to Capital One, which the court must assume as true, such a threat would be in violation of § 1692e(5). Section 1692e(5) states that the threat to take an action that cannot legally be taken or that is not intended to be taken is a violation of § 1692e.

However, the court disagrees with Todd's characterization of the effect of the letter's language. Even in viewing this language through the lens of the least sophisticated consumer, it clearly indicates that no decision on whether or not to commence litigation has been made. Todd argues that the language in the Greene & Cooper letter is sufficiently similar to the language in *Clark v. Retrievable Masters Creditors Bureau, Inc.*, 185 F.R.D. 247 (N.D. Ill. 1999), to warrant the conclusion that a letter warning of the prospect of a lawsuit could lead a consumer to believe that

litigation was imminent. In *Clark*, the court concluded that the language in a debt collection company's letter stating that it has been "authorized. . . to take appropriate legal measures to obtain payment" and warning the consumer that "[t]his is your final opportunity to settle your account without incurring additional legal problems" would lead an unsophisticated consumer to believe that litigation was imminent. *Id.* at 250-51.

Todd's argument is unpersuasive as the language in Greene & Cooper's letter is distinctly different from the language in the *Clark* letter. The letter in *Clark* implied that the consumer would actually incur additional legal problems if they chose not to resolve the debt. The Greene & Cooper letter made no such implication. The language in the Greene & Cooper letter indicated that a decision on whether or not to file suit would be made in the future. It did not indicate or imply that suit would actually be filed against Todd. Because the language in the Greene & Cooper letter does not indicate that a legal right *would be exercised*, it cannot constitute a threat to take legal action in violation of the FDCPA. It should be noted that because the letter made no threat, its purpose of providing Todd with notice of the debt and apprising him of his rights could not have been overshadowed or contradicted by threatening language.

## II. KCPA Claims

Todd bases his claims that Greene & Cooper violated the KCPA on the same conduct which he alleges violated the FDCPA. Todd's KCPA claims appear to be premised on KRS 367.170 which prohibits "unfair [and unconscionable], false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." KRS 367.170. However, in order to maintain an action alleging a violation of the KCPA, an individual must fit within the protected class of persons defined in KRS 367.220 which provides in pertinent part:

> Any person who *purchases* or *leases* goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170, may bring an action. . . .

KRS 367.220(1) (emphasis added).

The Kentucky Court of Appeals considered the application of the statute in *Skilcraft Sheetmetal, Inc. v. Kentucky Machinery, Inc.*, 836 S.W.2d 907 (Ky.App.1992). The court in Skilcraft concluded that privity between the seller and the would-be plaintiff is required for a would-be plaintiff to have standing to bring a claim under KRS 367.170. *See Tallon v. Lloyd & McDaniel*, 497 F.Supp.2d 847, 854 (W.D.Ky 2007) (citing *Skilcraft*, 836 S.W.2d at 909-10). "The [Kentucky] legislature intended that privity of contract exist between the parties in a suit alleging a violation of the [KCPA]." *Id.*

The facts set forth in Todd's complaint clearly indicate that the February 20, 2007 letter is the only basis for his claim against Greene & Cooper. Todd does not allege that he purchased or leased any goods or services from Greene & Cooper. As a result, Todd is not in privity of contract with Greene & Cooper. *See Tallon*, 497 F.Supp.2d at 854-55 (holding that attorney's act of garnishing the plaintiff's bank account was not actionable under the KCPA because the attorney was retained by the creditor as counsel and was several steps removed from privity of contract with the plaintiff). The language of the KCPA "plainly contemplates an action by a purchaser against his immediate seller." *Id*. Todd lacks standing to bring a KCPA claim against Greene & Cooper, and thus his claims against Greene & Cooper for violation of the KCPA must be dismissed.

A separate order will be entered herein this date in accordance with this opinion.